PAUL D. MURPHY (State Bar No. 159556)
JODI M. NEWBERRY (State Bar No. 156300)
MURPHY ROSEN & MEYLAN LLP
100 Wilshire Boulevard, Suite 1300
Santa Monica, California 90401-1142
Telephone: (310) 899-3300
Facsimile: (310) 399-7201
Email: pmurphy@ murphyrosen.com
Email: jnewberry@ murphyrosen.com

Attorneys for Plaintiff and Counter-Defendant
Clean Energy Fuels Corp.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLEAN ENERGY FUELS CORPORATION, a California corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>APPLIED LNG TECHNOLOGIES USA LLC, a limited liability company; and DOES 1 through 20, inclusive,<br><br>            Defendants.<br>_____<br>APPLIED LNG TECHNOLOGIES USA, LLC, a limited liability company,<br><br>            Counter-Claimant,<br><br>vs.<br><br>CLEAN ENERGY, a California corporation,<br><br>            Counter-Defendant.<br>_____ | CASE NO. SACV08-746 AHS (RNBx)<br><br>**ORDER RE STIPULATED CONFIDENTIALITY AGREEMENT; EXHIBIT A** |

///

///

**IT IS HEREBY STIPULATED AND AGREED**, subject to the approval of the Court, by and between Plaintiff and Counter-Defendant Clean Energy Fuels Corporation ("Clean Energy") and Defendant and Counter-Claimant Applied LNG Technologies USA, LLC ("ALT"), through their respective counsel of record, as follows:

**WHEREAS**, the parties recognize that the preparation and trial of the above-captioned action (the "Action") will require the discovery of business records and other material claimed by one or both of the parties to contain trade secret, confidential or proprietary information that should not be disclosed, except in a highly restricted fashion. The parties are engaged in proprietary activities which could be jeopardized if non-public financial data, business strategies, product or operational information or other highly sensitive confidential information or documents were disclosed publically.

**WHEREAS**, discovery proceedings herein necessarily involve the production of certain information which the parties believe to constitute trade secret, confidential or proprietary information, including commercially sensitive, financial and/or business information. Some information of that type has already been requested in discovery sought by the parties.

**WHEREAS**, the parties desire to litigate this Action without jeopardizing their business, commercial or proprietary interests in the confidentiality of this information, and submit that good cause therefore exists for the entry of the following Revised Stipulated Confidentiality Agreement ("Stipulation") which shall govern the use, handling and disclosure of all confidential documents, material, testimony and information produced or given in this Action designated to be subject to this Stipulation in accordance with the following terms:

///

///

///

**A.      Confidential Information.**

1.      In connection with discovery proceedings in this Action, all confidential, commercial or proprietary information disclosed, furnished or submitted voluntarily or pursuant to formal discovery demands, subpoena or Court order, by or on behalf of a party or non-party in this Action, if properly designated, shall be used solely in connection with pretrial proceedings, preparation for trial, trial or other proceedings in this Action.

2.      Any party may designate any information or material which that party in good faith believes is confidential, or information or material furnished to it by third parties which information or material is not publicly known, and which the producing party would not normally reveal to third parties or would cause third parties to maintain in confidence (hereinafter referred to as "Confidential Information").  That shall be accomplished by marking such Confidential Information with the following or equivalent legend: "CONFIDENTIAL" or "CONFIDENTIAL-Subject to Protective Order" (hereafter referred to as "Confidential" in this Stipulation) or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL-Subject to Protective Order-ATTORNEY'S EYES ONLY" (hereafter referred to as "Attorney's Eyes Only" in this Stipulation).  In so doing, the designating party shall, in good faith, reasonably believe that such information or material contains or relates to non-public, personal, financial, confidential, proprietary or commercially sensitive information that requires protection afforded hereunder.  By designating a document, thing, material, testimony or other information derived therefrom as "Confidential" or "Attorney's Eyes Only" under the terms hereof, the party making such designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Rule 26 (g) of the Federal Rules of Civil Procedure ("FRCP").

3.      Such notation shall be placed on every page of each document so

MURPHY ROSEN & MEYLAN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

designated, or on the portion(s) of each document so designated. Where it is not feasible to stamp the document, the document shall be appropriately labeled or otherwise marked with the appropriate designation.

4. In the case of "Confidential" or "Attorney's Eyes Only" material disclosed or produced in a non-paper medium (*e.g.,* videotape, DVD, CD, audiotape, computer disc, etc.), the confidentiality legend should be affixed on the medium, if possible, and its container, if any, so as to clearly give notice of the designation. If any such "Confidential" or "Attorney's Eyes Only" material produced in a non-paper medium is printed out by a receiving party, the receiving party must mark each page of the printed version with the applicable confidentiality legend.

5. Material designated as "Confidential" or "Attorney's Eyes Only", or information derived therefrom, shall be used solely for the purpose of the prosecution, defense, trial or settlement of this Action and shall not be used for any business or other purpose, and shall not be communicated or disseminated in any manner, directly or indirectly, to anyone other than a person qualified under the terms of this Stipulation.

**B.** **Access To Materials With "Confidential" Designation.**

1. Except with the prior written consent of the individual or entity asserting "Confidential" treatment, or pursuant to prior Court order after proper notice, any document, material, transcript or pleading given "Confidential" treatment under this Stipulation, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated "Confidential" hereunder), may not be disclosed other than in accordance with this Stipulation.

2. Access to documents or other materials designated "Confidential" hereunder shall be restricted to the following "qualified persons" designated

1 below:

2     a. Counsel for the parties, whether retained counsel or in-house counsel ("Counsel"), and employees, agents or independent companies or individuals that have been directly engaged by Counsel to assist such Counsel in this Action in connection with performing services such as copying or other litigation support services, paralegal assistants, stenographic, clerical or other staff working under the supervision of Counsel;

9     b. Experts or consultants retained to perform services in connection with the Action, with disclosure only to the extent necessary to perform such work, and provided that such person(s) signs the Confidentiality Agreement attached hereto as Exhibit A;

14     c. The parties to this Action, including their officers, directors, members, employees and agents whose assistance is reasonably required in the preparation of this Action for trial, and whose access to the confidential information and materials is reasonably necessary to render such assistance, and provided that such person(s) signs the Confidentiality Agreement attached hereto as Exhibit A;

21     d. Any person who is scheduled to testify as a witness at a deposition or Court proceeding in this Action for the purpose of assisting in the witness's preparation, and provided that such person(s) signs the Confidentiality Agreement attached hereto as Exhibit A;

26     e. Any person who actually is testifying as a witness at a deposition or Court proceeding in this Action and provided that the person is shown the information during testimony and

asked questions about the information;

  f. The Court and Court personnel, including any court reporters involved in taking or transcribing testimony in this Action or other such proceedings as are necessarily incident to the preparation or trial of this Action; and

  g. Such other person(s) as the parties to this Action shall agree in writing or the Court designates in the interest of justice, upon terms that the Court deems proper.

  3. Each qualified person described in subparagraphs b., c., and/or d. of Paragraph 2 above, to whom "Confidential" materials are to be furnished, shown or disclosed, shall first be presented by the disclosing party with a copy of this Stipulation, and shall be required to execute a copy of the Confidentiality Agreement attached hereto as Exhibit A, acknowledging that he or she has read the Stipulation and shall abide by their terms.  Further, such persons who receive "Confidential" materials shall take reasonable steps to maintain the confidentiality of the information and to restrict access only to qualified persons described in Paragraph 2 above.

  4. All qualified persons described in Paragraph 2 above, shall be bound by the terms of this Stipulation, and shall not permit disclosure of any documents or materials afforded protection hereunder, other than pursuant to the terms of the Stipulation.  All persons to whom "Confidential" documents, information, transcripts or other materials are disclosed, are hereby enjoined from disclosing same to any other person except as provided for herein, and are further enjoined from using same except in the preparation for and trial of this Action.  No person receiving or reviewing such "Confidential" documents, information, transcripts or other materials shall disseminate or disclose them to any person other than those described in Paragraph 2 above and for the purposes specified, and in no event shall such person make any other use of such

documents, information, transcripts or other materials.

5. To the extent that a deponent refuses to sign the Confidentiality Agreement attached as Exhibit A, such deponent shall not be permitted to take a copy of any "Confidential" or "Attorney's Eyes Only" document or material with them from the deposition, and shall not be permitted to review that portion of the deposition transcript that refers to or attaches the "Confidential" or "Attorney's Eyes Only" document or material, except at the Court Reporter's office.

**C.      Access To Materials With "Attorney's Eyes Only" Designation.**

1. Except with the prior written consent of the individual or entity asserting "Attorney's Eyes Only" treatment, or pursuant to prior Court order after proper notice, any document, material, transcript or pleading given "Attorney's Eyes Only" protection under this Stipulation, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated "Attorney's Eyes Only" hereunder), may not be disclosed other than in accordance with this Stipulation.

2. Access to documents or other materials designated "Attorney's Eyes Only" hereunder shall be restricted to the following "qualified persons" below:

   a. Outside counsel ("Outside Counsel") for the parties [specifically excluding any in-house counsel for either party], and employees, agents or independent companies or individuals that have been directly engaged by such Outside Counsel to assist in this Action in connection with performing services such as copying or other litigation support services, paralegal assistants, stenographic, clerical or other staff working under the supervision of Outside Counsel;

   b. Experts or consultants retained to perform services in connection with the Action, with disclosure only to the extent

        necessary to perform such work, and provided that such person(s) signs the Confidentiality Agreement attached hereto as Exhibit A;

c.   Any person who is scheduled to testify as a witness at a deposition or Court proceeding in this Action for the purpose of assisting in the witness's preparation, if such person is employed by the same entity as a person indicated on the face of the subject protected documents to be the author, addressee, or copy recipient of the document, and provided that such person(s) signs the Confidentiality Agreement attached hereto as Exhibit A;

d.   Any person who actually is testifying as a witness at a deposition or Court proceeding in this Action and provided that the person is shown the information during testimony and asked questions about the information;

e.   The Court and Court personnel, including any court reporters involved in taking or transcribing testimony in this Action or other such proceedings as are necessarily incident to the preparation or trial of this Action; and

f.   Such other person(s) as the parties to this Action shall agree in writing or the Court shall determine.

3.     Each qualified person described in subparagraphs b. and/or c. of Paragraph 2 above, to whom "Attorney's Eyes Only" materials are to be furnished, shown or disclosed, shall first be presented by the disclosing party with a copy of this Stipulation, and shall be require to execute a copy of the Confidentiality Agreement attached hereto as Exhibit A, acknowledging that he or she has read the Stipulation and shall abide by their terms. Further, such persons who receive "Attorney's Eyes Only" materials shall take reasonable

steps to maintain the confidentiality of the information and to restrict access to the information to qualified persons described in Paragraph 2 above.   4.   All qualified persons described in Paragraph 2 above, shall be bound by the terms of this Stipulation, and shall not permit disclosure of any document or materials afforded protection hereunder, other than pursuant to the terms of the Stipulation. All persons to whom "Attorney's Eyes Only" documents, information, transcripts or other materials are disclosed, are hereby enjoined from disclosing same to any other person except as provided for herein, and are further enjoined from using same except in the preparation for and trial of this Action.  No person receiving "Attorney's Eyes Only" documents, information, transcripts or other materials shall disseminate or disclose them to any person other than those allowed in Paragraph 2 above and for the purposes specified, and in no event shall such person make any other use of such documents, information, transcripts or other materials.

4. To the extent that a deponent refuses to sign the Confidentiality Agreement attached as Exhibit A, such deponent shall not be permitted to take a copy of any "Confidential" or "Attorney's Eyes Only" document or material with them from the deposition, and shall not be permitted to review that portion of the deposition transcript that refers to or attaches the "Confidential" or "Attorney's Eyes Only" document or material, except at the Court Reporter's office.

**D.     Challenging Designations.**

1. The parties shall act in good faith in designating "Confidential" and/or "Attorney's Eyes Only" material.  Any classification of material as "Confidential" or "Attorney's Eyes Only" under this Stipulation shall be without prejudice to the right of the parties to challenge such designation(s) by filing a motion with Court.  The motion shall be made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation Requirement).  While such a motion is pending, the contested documents, information or materials in question

shall continue to be treated as "Confidential" or "Attorney's Eyes Only", respectively, in accordance with their designation and pursuant to the terms of this Stipulation until such time as a final determination is made. The challenging party shall move promptly for an order vacating the designation, and the provisions of this paragraph are not intended to and shall not shift any applicable burden. Nor shall this Stipulation be deemed to prejudice the parties in any way in any future application for modification of this Stipulation.

2.  This Stipulation shall also be without prejudice to right of the parties to present a motion under FRCP 26(c) for a separate protective order as to any particular document, material or information.

**E.   Inadvertent Failure To Designate.**

In the event that a producing party inadvertently fails to stamp or otherwise designate a document, deposition transcript (or portion thereof) or other information as "Confidential" or "Attorney's Eyes Only" at the time of production or disclosure, that party shall have ten (10) business days after discovering such inadvertent failure to stamp or otherwise designate the document, deposition transcript or other information. Upon receipt of notice in writing and replacement of copies of documents, transcripts or information with correct designations, all parties who have received documents or information that the producing party has inadvertently failed to so stamp or otherwise designate shall attempt in good faith to retrieve and destroy all copies of such documents or other information previously disclosed or produced.

**F.   Inadvertent Disclosure.**

Consistent with Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, if information produced in discovery is subject to a claim of privilege or of protection as trial preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified

information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

### G. Depositions, Hearings, Proceedings.

1. Testimony taken at a deposition may be designated as "Confidential" or "Attorney's Eyes Only" by making a statement to that effect on the record at the deposition, or by written notice sent to all parties within ten (10) business days after receiving a copy of the transcript thereof. In such event, the court reporter and/or videographer shall be directed separately to transcribe such portions of the transcript, as well as any related exhibits, and mark such separate transcript with the applicable confidentiality legend set forth above. The appropriate confidentiality legend shall be affixed to the first page and all portions of the original and all copies of the transcript (or other media in accordance with the terms of this Stipulation) containing "Confidential" or "Attorney's Eyes Only" material. Those transcripts, or portions of transcripts so designated shall be separately bound and retained in a sealed envelope by the party noticing the deposition. The parties may modify this procedure for any particular deposition, through agreement on the record of such deposition, without further order of the Court.

2. Counsel for any disclosing party shall have the right to exclude from the deposition any person, other than the deponent, the deponent's counsel, the court reporter or videographer (if any), who is not authorized by this Stipulation to access or receive documents, materials or information designated "Confidential" or "Attorney's Eyes Only". Such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising information which is "Confidential" or "Attorney's Eyes Only".

**H.     Filing Documents Under Seal.**

If any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Attorney's Eyes Only," they should be filed in accordance with Local Rule 79-5.1. The proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and that the application shall be directed to the judge to whom the papers are directs. For motions, the parties shall publicly file a redacted version of the pleadings and supporting papers. The parties acknowledge that neither the fact that the parties have stipulated to an under seal filing nor the fact that a proposed filing contains information or documents that one of the parties elected to designate as "Confidential" or "Attorney's Eyes Only" in accordance with the terms of the Stipulation is sufficient in itself for the Court to find that good cause exists to file the papers or the portion containing the designated information or documents under seal. Instead, the parties bear the burden of establishing that protection clearly is warranted for the designated information or documents and that, for documents, such showing must be made on a document by document basis.

**I.     Disposition of Confidential Information.**

1.     This Stipulation shall survive the final determination of this Action and the Court shall retain jurisdiction to resolve any dispute concerning the use of "Confidential" or "Attorney's Eyes Only" material disclosed hereunder.

2.     Within sixty (60) calendar days of the final determination of this Action, all "Confidential" and "Attorney's Eyes Only" documents, materials and transcripts, and all copies thereof, shall be returned to the party that produced it or shall be destroyed. If the documents are destroyed, a Certification of Destruction shall be provided to the producing party within ten (10) calendar days of the destruction of the documents.

**J.     Additional Terms.**

1.     This Stipulation is without prejudice to the right of the producing party to seek relief from the Court, upon good cause shown, from any of the provisions contained herein.

2.     The designation of any discovery material in accordance with this Stipulation is intended solely to facilitate the preparation and trial of this action, and treatment of such material by counsel of record for named parties in conformity with such designation will not be construed in any way as an admission or agreement by any party that the designated material constitutes or contains any trade secret or any other type of confidential or proprietary information.

3.     The parties agree that the production of any "Confidential" or "Attorney's Eyes Only" documents or material by a non-party to this Action shall be subject to and governed by the terms of this Stipulation.

4.     In connection with discovery proceedings in this action of non-parties, a party may designate materials or information obtained from a non-party pursuant to subpoena or other discovery device ("Non-Party Materials") as "Confidential" or "Attorney's Eyes Only". To permit Non-Party Materials to be so designated, counsel for a party who obtains Non-Party Materials shall treat them as if they are "Attorney's Eyes Only" material for a period of ten (10) business days after giving notice in writing to opposing counsel, of the Non-Party Materials obtained. Unless opposing counsel already has been provided with the Non-Party Materials, the notice shall also include copies of the Non-Party Materials. To the extent that Non-Party Materials are designated as "Confidential" or "Attorney's Eyes Only" material, the provisions of this Order with respect to confidentiality shall apply.

5.     Nothing in this Stipulation shall be deemed to restrict in any way any party or its respective counsel with respect to that party's own documents

MURPHY ROSEN & MEYLAN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

1   and materials.  Nothing herein shall impose any restrictions on the use of or
2   disclosure by a party of documents, materials or information designated
3   "Confidential" or "Attorney's Eyes Only" that have been lawfully obtained by
4   such party independent of discovery proceedings in this Action.  Nothing herein
5   shall prevent disclosure beyond the terms of this Stipulation if the party
6   producing the "Confidential" or "Attorney's Eyes Only" material consents in
7   writing to such disclosure, or if the Court, after notice to all affected parties,
8   orders or permits such disclosure.

9       6.   If at any time "Confidential" and/or "Attorney's Eyes Only"
10  documents or material are subpoenaed by any third party (including any court,
11  arbitral, or administrative body), the person to whom the subpoena is directed
12  shall within five (5) business days of the service of the same give written notice
13  thereof to every party who has produced such documents and to their counsel and
14  shall provide each such party with an opportunity to object to the production of
15  such documents.  If a producing party does not take steps to prevent disclosure of
16  such documents containing such confidential information within seven (7)
17  business days of the date written notice of the subpoena is given, the party to
18  whom the referenced subpoena is directed may produce such documents in
19  response thereto.  Notwithstanding anything in this Stipulation to the contrary,
20  nothing in this Stipulation nor any Court order incorporating its terms is intended
21  or should be construed as authorizing a party to disobey a lawful subpoena issued
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

in another action (e.g., if the return date for the subpoena allows less response time that the time periods currently contemplated in this paragraph).

**IT IS SO STIPULATED.**

DATED: February 10, 2009.

MURPHY ROSEN & MEYLAN LLP
PAUL D. MURPHY

By: _____
PAUL D. MURPHY
Attorneys for Plaintiff and
Counter-Defendant
CLEAN ENERGY FUELS CORP.

DATED: February 10, 2009.

GREENWALD, PAULY, FOSTER & MILLER,
A Professional Corporation

MARYANN R. MARZANO

By: _____
MARYANN R. MARZANO, a Member of
Greenwald Pauly Foster & Miller,
A Professional Corporation
Attorneys for Defendant and
Counter-Claimant
APPLIED LNG TECHNOLOGIES USA, LLC

# **EXHIBIT A**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CLEAN ENERGY FUELS CORPORATION, a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> APPLIED LNG TECHNOLOGIES USA, LLC, a Delaware limited liability company; and DOES 1 through 20, inclusive, <br><br> Defendants. <br><br> APPLIED LNG TECHNOLOGIES USA, LLC, a Delaware limited liability company; <br><br> Counter-Claimant, <br><br> vs. <br><br> CLEAN ENERGY, a California corporation, <br><br> Counter-Defendant. | CASE NO. SACV08-746 AHS (RNBx) <br><br> **CONFIDENTIALITY AGREEMENT** |

  I, _____, declare as follows:

  1. I have received and carefully read the attached Stipulated Confidentiality Agreement and Protective Order thereon (collectively referred to as the "Order") filed in the above-entitled action.

  2. I understand the meaning and effect of the Protective Order, and I agree to abide by and be bound by it.

  3. I understand and agree that all materials designated as "CONFIDENTIAL", "CONFIDENTIAL-Subject to Protective Order", "CONFIDENTIAL – ATTORNEY'S EYES ONLY", "CONFIDENTIAL-Subject

to Protective Order-ATTORNEY'S EYES ONLY", or some combination of these words, and all copies, notes, or other records regarding such materials, and the substance or contents of such materials, shall not be disclosed to anyone unless specifically authorized by the attorneys for the party designating such materials as being confidential, or otherwise as set forth in the Order.

   4. I hereby stipulate to the jurisdiction of the United States District Court for the Central District of California with regard to any proceeding to enforce the terms of the Order against me, whether by way of contempt of court, by a civil action for injunction and monetary damages, or otherwise. I understand that if I violate the provisions of the Order, I may be subject to sanctions by the Court and the parties, or any of them.

  I declare under penalty of perjury that the foregoing is true and correct.

  Executed on _____, at _____.

Please Print or Type the Following:

Name:_____

Title:_____

Company:_____

Address:_____

_____

_____

Telephone:_____

Date: _____